IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JOHNATHAN SHELLEY,
ANTHONY BAKER,
STEVEN CHARLTON, and
TIMOTHY COOPER,

          Plaintiffs,

   v.

INTERFOR U.S. INC., d/b/a
Interfor Pacific Inc.

          Defendant.

Case No. 1:16-cv-01415-CL

ORDER

_____

CLARKE, Magistrate Judge

    The plaintiffs allege federal claims for gender discrimination and retaliation, as well as state-law gender discrimination, retaliation, whistleblower, injured worker, and negligence claims, against the defendant. At a status conference held on January 10, 2017, the defendant

Page 1 – ORDER

made an oral request for discovery of the plaintiffs' medical and counseling records. For the reasons discussed below, the request is denied.

## FACTUAL BACKGROUND

In their complaint [ECF No. 1.], the plaintiffs indicated that they will seek emotional distress damages. Consequently, the defendant made an oral request for discovery of the plaintiffs' medical and counseling records. The plaintiffs object to the discovery of such material; they indicate that they have not sought medical treatment for their emotional distress and do not intend to introduce medical records or expert testimony to support their emotional distress claims. Hence, they argue, they have not put their mental health at issue and any such medical records are shielded by the psychotherapist-patient and/or physician-patient privileges. By contrast, the defendant asserts the plaintiffs waived any privileges by alleging damages for emotional distress; such allegations, the defendant contends, necessarily put the plaintiffs' mental conditions at issue.

## STANDARD

Because this case involves both federal- and state-law claims, "the federal law of privilege applies to both the state and federal claims."[1] *Fitzgerald v. Cassil*, 216 F.R.D. 632, 635 (N.D. Cal. 2003). The federal law of privilege in this area is not settled, but many district courts in the Ninth Circuit, including this Court, apply what has been termed the narrow approach to waiver. *Kinnee v. Shack, Inc.*, Civ. No. 07-1463-AC, 2008 WL 1995458, at *5 (D. Or. May 6, 2008) (stating that the plaintiff did not waive the psychotherapist-patient or the physician-patient privileges "by her general allegation of emotional distress"). Under this theory, when a plaintiff makes a claim for garden-variety emotional distress damages, "without relying on medical

---

[1] In support of their argument that the plaintiffs have waived psychotherapist-patient and/or physician-patient privileges, the defendants cite to *Hansen v. Combined Transp., Inc.*, No. 1:13-CV-01993-CL, 2014 WL 1873484 (D. Or. May 8, 2014). That case dealt exclusively with state-law privileges and is therefore inapposite.

records or medical expert testimony for proof at trial," the psychotherapist-patient privilege and/or the physician-patient privilege are not waived, and the plaintiff's medical records remain shielded by such privileges. *Equal Emp't Opportunity Comm'n v. Wal-Mart Stores, Inc.*, 276 F.R.D. 637, 640 (E.D. Wash. 2011). Rather, it is when the plaintiff relies on the testimony of a psychotherapist or physician, or claims specific disability or medical conditions resulting from the defendant's conduct, that the privileges are waived. *Kinnee*, 2008 WL 1995458, at *5.

## DISCUSSION

Applying the narrow approach to the present case, the Court agrees with the plaintiffs and denies the defendant's oral discovery request. Here, the plaintiffs have made a garden-variety claim for emotional distress damages, stating simply that, "[a]s a result of Defendant's unlawful employment actions, Plaintiffs suffered and continue to suffer emotional distress." Compl. ¶ 114. Furthermore, the plaintiffs have stated that they do not intend to introduce medical records or expert testimony to support their emotional distress claims. Accordingly, the plaintiffs have not waived the psychotherapist-patient or the physician-patient privileges, and the defendant's request to compel medical and counseling records is denied. If, however, during the course of discovery, the defendant discovers a basis for concluding that particularized mental or physical health issues are at issue and are central to the plaintiffs' legal theories, including theories for damages, then the defendant may reapply to the Court for an order compelling production of medical and/or counseling records.

/ / /

/ / /

/ / /

/ / /

## **ORDER**

For the foregoing reasons, the defendant's oral request for discovery of the plaintiffs' medical and counseling records is denied.

It is so ORDERED and DATED this __10__ day of January, 2017.

_____
MARK D. CLARKE
United States Magistrate Judge